Michael F. Ram (SBN 104805)
mfr@lrolaw.com
LEVY, RAM & OLSON
639 Front Street, Fourth Floor
San Francisco, California 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311
*Attorneys for Plaintiff Jae Phoenix*

[additional counsel on signature page]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAE PHOENIX,<br><br>Plaintiff,<br><br>vs.<br><br>DAVOL, INC., and C.R. BARD, INC.,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

PLAINTIFF JAE PHOENIX brings this action for relief, monetary restitution and/or damages against Defendants for their defective and dangerous Composix® Kugel Mesh Patches ("Kugel Patch").

## Parties

1. Plaintiff, JAE PHOENIX ("Ms. Phoenix") is a citizen and resident of Solano County in the State of California.

2. Defendant, DAVOL INC. ("DAVOL") is a corporation that is incorporated under the laws of a state other than the State of California. DAVOL has its principal place of business at 100 Sockanosset Crossroad, Cranston, Rhode Island. DAVOL focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

3. Defendant, C. R. BARD INC. ("BARD") is a corporation that is incorporated under the laws of a state other than the State of California. It is the corporate parent/stockholder of DAVOL and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies DAVOL with material that forms part of the Kugel Patch. BARD has its principal place of business at 730 Central Avenue, Murray Hill, New Jersey.

**Jurisdiction**

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and because this is an action by an individual Plaintiff who is a citizen of a different state from the Defendants.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391. The surgical procedures involving Defendants' defective and dangerous Kugel Patch were performed in this District. Moreover, Defendants are licensed to do business and doing business in this District, advertised the subject Kugel Patch in this District, received substantial compensation and profits from sales of Kugel Patch in this District, made material omissions and misrepresentations in this District, and breached warranties in this District.

**Facts**

6. The Kugel Patch, including but not limited to the Kugel Patch implanted in Ms. Phoenix, was designed, manufactured, tested, supplied, sold and/or distributed by Defendants for use by surgeons for hernia repair surgeries and was further represented by Defendants to be an appropriate, cost-effective and suitable product for such purpose.

7. On December 22, 2005, Defendants recalled many sizes of Composix Kugel Patches under a Class I recall notice. An FDA Class I recall is issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to the health of the patients implanted with the devices.

8. The Kugel Patch was recalled due to a faulty "memory recoil ring" that can break or fail under pressure. Incidents of ring migration, intestinal fistulae, bowel perforation and even death have been reported as a result of the faulty "memory recoil ring."

9. On March 24, 2006, the initial Class I recall on the Kugel Patch was expanded to

include several more sizes and numerous additional lots of the defective hernia patch product, including the Large Oval Kugel Patch #10202, 5.4 inches by 7.0 inches implanted into Plaintiff.

10. On January 10, 2007, the recall on the Kugel Patch was again expanded to encompass even more defective hernia patches.

11. Upon information and belief and at all relevant times, Defendants failed to comply with the FDA application and reporting requirements with regard to the Kugel Patch.

12. Upon information and belief and at all relevant times, Defendants were aware of the high degree of complication and failure rate associated with their Kugel Patch.

13. Upon information and belief and at all relevant times, Defendants were aware of the defect in manufacture and design of their Kugel Patch.

14. On December 27, 2005, Ms. Phoenix had an incisional hernia repaired at Kaiser Permanente in Richmond, California. A Large Oval Kugel Patch #10202, 5.4 inches by 7.0 inches, designed, manufactured, tested, distributed, supplied, and/or sold by Defendants, was implanted into Ms. Phoenix by Dr. Aaron Baggs.

15. On July 6, 2007 Dr. Baggs sent a letter to Ms. Phoenix informing her of the defective and dangerous nature of the Kugel Patch implanted in her.

16. As a result of the continuing physical pain associated with the Composix Kugel Patch implanted in her abdomen, and the mental anguish associated with the knowledge that the Kugel Patch implanted in her abdomen is defective, dangerous and may break, causing more damage, Ms. Phoenix had the recalled Kugel Patch explanted on August 28, 2007.

## FIRST CAUSE OF ACTION
### Strict Liability

17. Plaintiff restates and realleges each and every allegation set forth above in this Complaint as if fully rewritten herein.

18. Defendants are strictly liable for their defective and faulty design, testing, manufacture, distribution, supply and/or sale of the Kugel Patch. The Kugel Patch was, at all times relevant, defective, deviated in a material way from acceptable manufacturing performance

standards, posed a foreseeable risks that exceeded the benefits associated with the design and/or formulation, and/or differed from otherwise identical units manufactured to the same design specifications.

19. As a direct and proximate result of the defective condition of the Kugel Patch, Defendant is strictly liable to Plaintiff for damages including but not limited to bodily injury, economic losses and other harm.

**SECOND CAUSE OF ACTION**
**Failure to Warn**

20. Plaintiff restates and realleges each and every allegation set forth above in this Complaint as if fully rewritten herein.

21. The Kugel Patch designed, manufactured and/or supplied by Defendant was defective due to a failure to warn and/or inadequate warning or instruction such that, when the device left the hands of Defendant, it did not conform to the representations of Defendant that it was safe for use by consumers. Moreover, the Defendant knew or should have known that the product created a risk of harm to consumers, and failed to exercise reasonable care to warn of said risk.

22. As a direct and proximate result of the failure to warn and/or inadequate warning concerning the Kugel Patch Defendant is liable to Plaintiff for damages including but not limited to bodily injury, economic losses and other harm.

**THIRD CAUSE OF ACTION**
**Negligence**

23. Plaintiff restates and realleges each and every allegation set forth above in this Complaint as if fully rewritten herein.

24. Defendant had a duty to exercise reasonable care in the design, manufacture, testing, distribution, supply and/or sale of the Kugel Patch.

25. Defendant recklessly and/or negligently failed to exercise ordinary or reasonable

care in the design, manufacture testing, distribution, supply and/or sale of the Kugel Patch.

26. Defendant recklessly and/or negligently failed in its duty to exercise ordinary or reasonable care in the provision of pre-marketing or post-marketing warnings as to the risks of the Kugel Patch.

27. As a direct and proximate result of the Defendant's negligence concerning the Kugel Patch Defendant is liable to Plaintiff for damages including but not limited to bodily injury, economic losses and other harm.

**FOURTH CAUSE OF ACTION**
**Breach of Implied Warranties**

28. Plaintiff restates and realleges each and every allegation set forth above in this complaint as if fully rewritten herein.

29. Defendant designed, manufactured, tested, distributed, supplied and/or sold the Kugel Patch for consumers.

30. The Kugel Patch was defective, unmerchantable, unfit and not safe for its intended use at all times.

31. Defendant breached the implied warranty for the Kugel Patch because it was defective, unmerchantable, unfit and not safe for its intended purpose at all times.

32. As a direct and proximate result of the Defendant's breach of implied warranty concerning the Kugel Patch, Defendant is liable to Plaintiff for damages including but not limited to bodily injury, economic losses and other harm.

**FIFTH CAUSE OF ACTION**
**Breach of Express Warranty**

33. Plaintiff restates and realleges each and every allegation set forth above in this Complaint as if fully rewritten herein.

34. Defendant expressly warranted to Plaintiffs that the Kugel Patch was merchantable, and fit and safe for its intended use.

35. The Kugel Patch Jae Phoenix was unsafe, unmerchantable, unfit and unsafe for its intended use, and otherwise injurious.

36. Through its sale of the Kugel Patch, Defendant was a merchant.

37. Defendant breached express warranties in the sale of the Kugel Patch because it was unmerchantable, unfit and unsafe for use in the body, and otherwise injurious.

38. As a direct and proximate result of the Defendant's breach of express warranty concerning the Kugel Patch, Defendant is liable to Plaintiff for damages including but not limited to bodily injury, economic losses and other harm.

## SIXTH CAUSE OF ACTION
**Fraud/Misrepresentation**

39. Plaintiff restates and realleges each and every allegation set forth above in this Complaint as if fully rewritten herein.

40. Defendants knew or should have known that the Kugel Patch was not safe or fit for its intended use.

41. At all relevant times, Defendants intentionally, fraudulently, recklessly and/or negligently misrepresented and omitted to tell Plaintiffs, directly or indirectly, that the Kugel Patch was not safe and fit for its intended use.

42. Defendants, by their intentional, fraudulent, reckless and/or negligent misrepresentations and omissions were made with the intent to induce, and did in fact induce the Plaintiffs to purchase and have implanted the Kugel Patch.

43. Plaintiffs reasonably relied upon the intentional, fraudulent, reckless and/or negligent misrepresentations and omissions of the Defendants to their detriment.

44. As a direct and proximate result of the Defendant's intentional, fraudulent, reckless and/or negligent misrepresentations and omissions concerning the Kugel Patch, Defendant is liable to Plaintiff for damages including but not limited to bodily injury, economic losses and other harm.

/ / /

**SEVENTH CAUSE OF ACTION**
**Unfair and Deceptive Business Practices**

45. Plaintiff restates and realleges each and every allegation set forth above in this Complaint as if fully rewritten herein.

46. Defendants are merchants, who study, test, design, develop, manufacture, inspect, produce, market, promote, advertise, distribute and/or sell the Composix Kugel Patch for hernia repair surgery.

47. Plaintiff is a consumer.

48. Defendants knowingly committed unfair and deceptive practices when they designed, developed, manufactured, constructed, produced, marketed, promoted, advertised, distributed and/or sold Composix Kugel Patches for hernia repair surgery that were dangerous and defective.

49. While Defendants knew or reasonably should have known that the Composix Kugel Patches were at risk as they studied, tested, designed, developed, manufactured, inspected, produced, advertised, marketed, promoted, distributed, and/or sold the Composix Kugel Patch for hernia repair surgery, they concealed from and omitted to tell the FDA, the medical community, the general public or Plaintiff their knowledge concerning the defective and dangerous nature of the Composix Kugel Patches.

50. The safety of the Kugel Patch is and was material to Plaintiff. Had Plaintiff known of the dangerous and defective nature of the Kugel Patch, she would not have used it.

51. Defendants' actions occurred while they were engaged in trade and commerce, and all of the conduct occurred during the course of their business.

52. As a direct and proximate result of the Defendant's violation of Unfair and Deceptive Business Practices, concerning the Kugel Patch, Defendant is liable to Plaintiff for damages including but not limited to bodily injury, economic losses and other harm.

/ / /

/ / /

/ / /

**EIGTH CAUSE OF ACTION**
**Negligent Infliction of Emotional Distress**

53. Plaintiff restates and realleges each and every allegation set forth above in this Complaint as if fully rewritten herein.

54. Defendants are liable to Ms. Phoenix for the negligent infliction of emotional distress in the following respect:

55. Plaintiff suffered severe emotional distress as a result of Defendants' egregious conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or selling of the Composix Kugel Patch for hernia repair surgery.

56. Plaintiff suffered severe emotional distress, which was as a result of Defendants' conduct in failing to adequately and safely design and construct an effective and safe Composix Kugel Patch for hernia repair surgery.

57. As a direct and proximate result of the Defendant's negligent infliction of emotional distress concerning the Kugel Patch, Defendant is liable to Plaintiff for damages including but not limited to bodily injury, economic losses and other harm.

**NINTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**

58. Plaintiff restates and realleges each and every allegation set forth above in this Complaint as if fully rewritten herein.

59. Ms. Phoenix suffered severe emotional distress, which was as a result of Defendants' extreme outrageous, intentional, willful, and reckless conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or sale of the Composix Kugel Patch for hernia repair surgery.

60. Ms. Phoenix suffered severe emotional distress, which was as a result of Defendants' extreme outrageous, intentional, willful, and reckless conduct in failing to adequately and safely design and construct an effective and safe Composix Kugel Patch for

hernia repair surgery, in complete and reckless disregard of safety to Ms. Phoenix.

61. As a direct and proximate result of the Defendant's intentional infliction of emotional distress concerning the Kugel Patch, Defendant is liable to Plaintiff for damages including but not limited to bodily injury, economic losses and other harm.

**TENTH CAUSE OF ACTION**
**Punitive Damages**

62. Plaintiffs restate and reallege each and every allegation set forth above in this Complaint as if fully rewritten herein.

63. Defendant's acts were willful, wanton and malicious in that Defendant's conduct was carried on with a conscious disregard for the safety and rights of Plaintiff. Defendant's unconscionable conduct thereby warrants an assessment of exemplary and/or punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

(a) Award general, special, exemplary and punitive damages against the Defendants for all losses and damages suffered as a result of the acts and transactions complained of herein, together with prejudgment interest;

(b) Award costs and disbursements of this action, including reasonable attorneys,' accountants,' and experts' fees.

(c) Grant such other and further relief as this Court may deem just and proper.

Dated: January 17, 2008

***/s/ Michael F. Ram***

Michael F. Ram (SBN 104805)
mfr@lrolaw.com
LEVY, RAM & OLSON
639 Front Street, Fourth Floor
San Francisco, California 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

Kevin L. Oufnac (Louisiana Bar No. 23887)
KAHN GAUTHIER SWICK, LLC
650 Poydras Street - Suite 2150
New Orleans, LA 70130
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
*Attorneys for Plaintiff*

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: January 17, 2008

***/s/ Michael F. Ram***

Michael F. Ram (SBN 104805)
mfr@lrolaw.com
LEVY, RAM & OLSON
639 Front Street, Fourth Floor
San Francisco, California 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

Kevin L. Oufnac (Louisiana Bar No. 23887)
KAHN GAUTHIER SWICK, LLC
650 Poydras Street - Suite 2150
New Orleans, LA 70130
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
*Attorneys for Plaintiff*